UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,

       Plaintiff,

v.

DIANA NOWAKOWSKI,

       Defendant/Third-Party Plaintiff,

v.

PFIZER, INC.,

       Third-Party Defendant.

_____/

Case No. 1:11-cv-809

HON. JANET T. NEFF

## **OPINION**

Pending before the Court in this removed action is a Motion to Remand from Plaintiff Allstate Insurance Company (Allstate) (Dkt 5). Defendant Diana Nowakowski (Nowakowski) filed a response in opposition (Dkt 7), and Allstate filed a reply (Dkt 8). The parties have also since filed supplemental briefing (Dkts 25, 26 & 28). Having carefully considered the relevant facts and the parties' thorough arguments, the Court determines, for the reasons discussed herein, that Allstate's Motion to Remand is properly granted and Allstate's Complaint for Declaratory Judgment remanded to the state court from which it was removed.

## I. BACKGROUND

This case arises from Nowakowski's April 21, 2007 automobile accident in Kalamazoo County, Michigan. At the time of the accident, Nowakowski, a Michigan resident, was insured under a no-fault automobile insurance policy issued by Allstate, a Michigan no-fault auto insurer (Dkt 1, State Court Compl. ¶ 6). The policy was issued on a coordinated basis pursuant to MICH. COMP. LAWS § 500.3109a (*id.*).

At the time of her accident, Nowakowski was an eligible dependent for benefits under the medical plan of Pfizer, Inc. (Pfizer), a medical plan administered by United Healthcare Group, Inc. (Dkt 1, State Court Compl. ¶ 7; Dkt 29, Answer to Third-Party Compl. ¶ 12). The Pfizer medical plan is a self-funded welfare benefit plan established under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* (Dkt 1, State Court Compl. ¶ 13). The Pfizer medical plan expressly provides that its coverage is primary to Nowakowski's coverage under her no-fault automobile insurance policy from Allstate (*id.* ¶ 8). The Pfizer medical plan also contains a contractual subrogation and/or reimbursement provision permitting the plan to recover from Nowakowski the sums she may receive in a claim against an at-fault driver and/or under an uninsured motorist policy (*id.* ¶ 12).

The circumstances surrounding Nowakowski's automobile accident gave rise to a claim for non-economic damages from the at-fault driver, a claim that Nowakowski settled with the driver (Dkt 1, State Court Compl. ¶¶ 10-11). The Pfizer medical plan, which has paid Nowakowski's expenses, asserted a subrogation lien against her to recover those expenses from the proceeds of the tort settlement, and Nowakowski requested that Allstate honor the lien, suggesting that Allstate is obligated to indemnify Nowakowski against the Pfizer medical plan's claim (*id.* ¶ 15).

On or about June 8, 2011, Allstate filed a declaratory judgment action against Nowakowski in the circuit court for Kalamazoo County, Michigan, LC No. 2011-0291-CK, alleging that under Michigan law, Nowakowski is only entitled to excess benefits from Allstate (Dkt 1, State Court Compl. ¶ 16).  Allstate further alleges that under Michigan law, to the extent Nowakowski's claim against the at-fault driver or for benefits under an uninsured motorist policy results in a judgment or settlement and the Pfizer plan asserts a subrogation claim against those sums, Nowakowski is not entitled to seek indemnification from Allstate (*id.* ¶ 17, citing *Dunn v. Detroit Auto. Inter-Ins. Exch.*, 657 N.W.2d 153 (Mich. Ct. App. 2002)).  Allstate requested a declaratory judgment that Allstate is "not obligated to indemnify the Plaintiff nor any other party against a reimbursement or subrogation claim asserted by her primary health plan" (*id.* ¶ 17-a).

On August 2, 2011, Nowakowski removed Allstate's Complaint for Declaratory Judgment to this Court, alleging that Allstate's claims are preempted by federal law and therefore fall within this Court's original jurisdiction pursuant to 28 U.S.C. § 1331 (Dkt 1, Notice of Removal ¶ 3).[1] Specifically, Nowakowski alleged that this action is subject to ERISA, 29 U.S.C. § 1132(a)(1)(b) (*id.* ¶ 5).

On August 29, 2011, Allstate filed this Motion to Remand (Dkt 5), contending that its declaratory judgment action makes no allegation seeking judgment or relief under the ERISA, or any federal law; that the state court has proper jurisdiction over this matter; and that Nowakowski improperly removed this action in an attempt to secure a more favorable forum (*id.* ¶¶ 8, 11, 14). On October 14, 2011, Nowakowski filed a response in opposition to the motion to remand, emphasizing that Allstate's declaratory judgment action arises only because of the "Health Plan's

---

[1] No allegations were made to support diversity jurisdiction over these parties.

right to reimbursement of benefits paid under ERISA, and any claims by Allstate that are dependent upon state law become relevant only as a consequence of the ERISA plan's principal claim" (Dkt 7 at ¶ 10). Allstate filed a reply to the response (Dkt 8).

In February 2012, Nowakowski filed a Third-Party Complaint, naming Pfizer as a Third-Party Defendant (Dkt 18, Third-Party Compl.).[2] Nowakowski characterizes her Third-Party Complaint as one to declare her right to benefits and the priority of coverage under ERISA and Michigan's No-Fault Insurance Act and to "[e]njoin certain acts and practices" (Dkt 18 at ¶ 1). Nowakowski thereafter moved for leave to supplement her briefing, proposing the argument that her Third-Party Complaint renders moot Allstate's Motion to Remand, because "there can be no genuine issue as to this Honorable Court having supplemental jurisdiction over Allstate's state law issues where now the Third-Party Defendant is a medical plan established under the provisions of the Employee Retirement Income Security Act 29 U.S.C. § 1001 *et seq.* which confers federal court jurisdiction" (Dkt 19 at ¶ 8).

On March 2, 2012, this Court granted the parties leave to file their supplemental briefs (Dkt 23). Pursuant to this Court's request, Allstate has also since filed a response in opposition to Nowakowski's argument that its motion was rendered moot (Dkt 28). Allstate argues that a defendant cannot create federal jurisdiction to justify removal by bringing a third party claim—that justification for removal must be found, if at all, in the well-pleaded complaint, at the time of removal (*id.* at 4-5).

---

[2] Nowakowski also named United Healthcare Group, Inc. (United) as a Third-Party Defendant, but she voluntarily dismissed United on March 8, 2012 (Dkt 27).

## II.  ANALYSIS

Federal courts are courts of limited jurisdiction.  "Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  "When a party opts to file a complaint in state court, the federal courts must honor that choice unless Congress has authorized removal of the case." *Id.* (citing *Rivet v. Regions Bank of La.,* 522 U.S. 470, 474 (1998); 28 U.S.C. § 1441(a)).  "Absent diverse parties or absent one of the other express (though rarely relied upon) grounds for removal–none of which applies here–the defendant may take the dispute to federal court only if the plaintiff's claim 'aris[es] under' federal law, 28 U.S.C. § 1441(b)." *Id.* (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc)).

"The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).  Further, "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 550 (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

Nowakowski's briefing addresses federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367, as potential sources of subject-matter jurisdiction.[3]  The Court determines that she has not demonstrated that either statute confers jurisdiction in this Court over the subject matter of the removed complaint.

---

[3]Again, Nowakowski does not propose that the parties could properly proceed in diversity jurisdiction, and there is no suggestion that the Declaratory Judgment Act, 28 U.S.C. § 2201, is implicated in this case.  In any event, the Court notes that Congress enacted the Declaratory Judgment Act to "enlarge the range of remedies available in the federal courts but did not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

**A.     Federal Question Jurisdiction**

Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The mere presence of a federal issue in a lawsuit is, by itself, insufficient to confer jurisdiction. *Shoshone Mining Co. v. Rutter*, 177 U.S. 505, 507 (1900) (recognizing that a contrary rule would mean "every action to establish title to real estate (at least in the newer states) would be such a one, as all titles in those states come from the United States by virtue of its laws"). Rather, to determine whether a claim "arises under federal law, a court, under the 'well-pleaded complaint' rule, generally looks only to the plaintiff's complaint." *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936); and *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)). "If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction and the action is not removable." *Id.* "'By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby.'" *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12 (1983) (citing *Gully*, 299 U.S. at 116).

Allstate's complaint seeks a declaratory judgment pursuant to Michigan's No-Fault Insurance Act, MICH. COMP. LAWS § 500.3101 *et seq.*, that it is "not obligated to indemnify [Nowakowski] nor any other party against a reimbursement or subrogation claim asserted by her primary health plan" (Dkt 1, State Court Compl. ¶ 17-a). Allstate correctly points out that its state court complaint does not request any ruling relevant to the ERISA plan.

Although the Complaint for Declaratory Judgment removed to this Court does not assert an affirmative cause of action arising under federal law, this Court must also ask whether Allstate seeks

6

declaratory relief on a matter for which Nowakowski *could* bring a coercive action arising under federal law against Allstate. "Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Bd.*, 463 U.S. at 19 (ultimately holding that the state tax authority could not have brought a coercive action under ERISA). The "key issue" is "whether the impending or threatened action would raise a federal question." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 463 F.3d 473, 476-77 (6th Cir. 2006).

The Sixth Circuit Court of Appeals quoted with approval the Eleventh Circuit's synopsis of this method of federal-question jurisdictional analysis, as follows:

> [I]n the context of a declaratory judgment action, "the normal position of the parties is reversed; therefore, we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question." *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 828 (11th Cir. 1992). "Instead, this court must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law." *Id.* Our inquiry is thus "whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court. To do this, we must analyze the assumed coercive action by the declaratory judgment defendant." *Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464, 1467 (11th Cir. 1987), abrogated on other grounds by *King v. St. Vincent's Hosp.*, 502 U.S. 215, 217, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991); *see also* 22A Am. Jur. 2d Declaratory Judgments § 202 (2003). Federal question jurisdiction "exists in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant *could* file a coercive action arising under federal law." *Household Bank* [*v. JFS Group*], 320 F.3d [1249,] 1251 [11th Cir. 2003] (emphasis added).

*Severe Records, LLC v. Rich*, 658 F.3d 571, 580-81 (6th Cir. 2011) (quoting *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 862 (11th Cir. 2008)).

The cause of action anticipated by Allstate (the declaratory judgment plaintiff) does not arise under federal law. Nowakowski's entitlement to recover medical benefits under her no-fault policy

is a state-law issue. *See generally Dunn*, 657 N.W.2d at 158-161 (applying Michigan's "most fundamental insurance jurisprudence rule," to wit: that an insurer can never be held liable for a risk it did not assume and for which it did not charge or receive a premium); *Shields v Gov't Employees Hosp. Ass'n, Inc.*, 450 F.3d 643 (6th Cir. 2006), overruled in part on other grounds by *Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009). While Allstate's contractual obligations are contingent on the validity of Pfizer's subrogation lien, that contingency does not alone support the exercise of jurisdiction. Courts in declaratory judgment actions "should focus on 'the practical likelihood that the contingencies will occur. . . .'" *Associated Indem. v. Fairchild Indus.*, 961 F.2d 32, 35 (2d Cir. 1992) (quoting 10B CHARLES ALAN WRIGHT et al., FED. PRACTICE & PROCEDURE CIVIL § 2767 (3d ed. 2012)).

Nowakowski proposes that this Court should instead consider whether she could file a coercive action arising under federal law against Pfizer (Dkt 9 at 8-9). However, the federal claim Nowakowski identifies—"to declare that the plan has no right to reimbursement for medical benefits it has paid"—is not between the declaratory judgment parties named in this Notice of Removal. In other words, in order to find a federal claim upon which original jurisdiction could be predicated, Nowakowski would have this Court not only transpose her from declaratory judgment defendant to plaintiff but also name a party other than the declaratory judgment plaintiff as defendant, a proposition for which this Court has not found support in the case law.

In short, Allstate's complaint in its state court action does not seek declaratory relief on a matter for which Nowakowski could bring a coercive action against Allstate arising under federal law; therefore, this Court concludes that it does not possess jurisdiction pursuant to § 1331 over the subject matter of the removed complaint.

**B.     Supplemental Jurisdiction**

Nowakowski argues that her third-party claim against Pfizer, her ERISA health care plan, "invokes an independent basis for subject-matter federal court jurisdiction and thereby creates supplemental jurisdiction over the original state court claim brought by Plaintiff, Allstate Insurance Company" (Dkt 26 at 5). Nowakowski's argument improperly reverses the jurisdictional analysis.

The removal statute, 28 U.S.C. § 1441(a), instructs that a defendant may remove "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*" (emphasis added). 28 U.S.C. § 1367, the supplemental jurisdiction statute, "is not a source of original subject matter jurisdiction." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996). Section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In short, this Court must have original jurisdiction over the removed complaint; it cannot exercise supplemental jurisdiction over the removed complaint.

Hence, the case upon which Nowakowski relies for her argument, *Glover v. Nationwide Mut. Fire Ins. Co.*, 676 F. Supp. 2d 602 (W.D. Mich. 2009), is inapposite to the facts at bar. In *Glover*, 676 F. Supp. 2d at 606, the plaintiff-insured brought a declaratory judgment action in federal court against both his ERISA health plan and his automobile insurer, seeking a declaratory judgment that the insured was not responsible to reimburse the plan from proceeds of a tort settlement, or, in the alternative, that the automobile insurer was responsible for his dependent's medical bills under the no-fault insurance policy's PIP coverage. Although the no-fault carrier argued that the court could

not properly exercise supplemental jurisdiction over the state-law claim concerning its coverage, the court rejected that argument. The court instructed that it must "transpose the parties as they would appear in an imaginary coercive action." *Id.* at 619. The court determined that the coercive action would be the ERISA plan versus the insured for equitable reimbursement under the ERISA. *Id.* The court further determined that the insured's claim against the no-fault carrier would then be properly characterized as "a secondary, contingent claim under the PIP provisions of [the] no-fault policy, seeking to recover medical benefits under the policy if, but only if, the court grants the Plan's request for reimbursement." *Id.*

This case and *Glover* are similar inasmuch as both are declaratory judgment actions, and both cases concern the liabilities and obligations of an insured, an ERISA plan, and a no-fault carrier. In *Glover*, however, the ERISA plan was a party to the declaratory judgment action at the time the complaint was filed in federal court, whereas Pfizer was not party to the declaratory judgment action removed to federal court. The difference is critical because "the existence of subject-matter jurisdiction is determined at the time when the complaint–or, in removed cases, the notice of removal–is filed." *Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 210-11 (6th Cir. 2004). *See also Mollan v. Torrance*, 22 U.S. (9 Wheat.) 536, 538 (1824) (jurisdiction "depends upon the state of things at the time of the action brought"). In short, the *Glover* court could consider the exercise of supplemental jurisdiction over the no-fault carrier's state-law claim because it possessed original jurisdiction over the ERISA plan's claim. Here, in contrast, for the reasons previously stated, Nowakowski has not demonstrated that original jurisdiction existed at the time of removal.

**C.   Costs and Fees**

The last issue before this Court is Allstate's request for costs and attorney fees, concomitantly made with its Motion to Remand. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although Allstate has not yet provided supporting documentation for its request, this Court will give initial review to the request to determine whether costs and fees are warranted under the circumstances presented.

District courts have "considerable discretion" to award or deny costs and attorney fees under § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008). In *Martin*, 546 U.S. at 140, the Supreme Court observed that Congress designed the costs-and-fees provision in § 1447(c) to permit removal in appropriate cases, while simultaneously "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." In cases where removal was not objectively reasonable, courts are to consider this underlying purpose when they exercise their discretion. *Warthman,* 549 F.3d at 1060. "In general, objectively unreasonable removals should result in fee awards to plaintiffs." *Id.* However, district courts should consider whether "unusual circumstances warrant a departure from the rule in a given case." *Id.* It is not necessary to show that the removing party's position was "frivolous, unreasonable or without foundation." *Martin,* 546 U.S. at 138.

Here, for the reasons previously stated, removal of this case from state to federal court was not objectively reasonable. The Court finds no unusual circumstances that would warrant a departure from the general rule that a costs and fee award to Allstate should result. Allstate may therefore tax its just costs, and this Court will, if necessary, entertain a motion from Allstate, with

supporting documentation, for any actual expenses, including reasonable attorney fees, that Allstate incurred as a result of the removal.

### III. CONCLUSION

For the foregoing reasons, the Court grants Allstate's Motion to Remand. The Court remands Allstate's Complaint for Declaratory Judgment to the state court from which it was removed. An Order consistent with this Opinion will issue.


DATED: March 23, 2012  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge